Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOYADJIAN, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE FAIR** |
| v. | ) **DEBT COLLECTION PRACTICES** |
| | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| ASSET ACCEPTANCE, LLC, | ) **2. VIOLATION OF THE** |
| | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| Defendant. | ) **CAL. CIV. CODE § 1788, ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

ROBERT BOYADJIAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSET ACCEPTANCE, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection

- 1 -

Practices Act, cal. Civ. Code § 1788 *et. seq*. ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant regularly conduct business in the State of California therefore personal jurisdiction is established.

4.     Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Los Angeles, California 90028.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

PLAINTIFF'S COMPLAINT

8.     Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9.     Defendant is a corporation specializing in debt collection with its corporate headquarters located at 28405 Van Dyke Avenue, Warren, Michigan 48093.

10.     Upon information and belief, Defendant is a corporation that provides call center, collections, and debt purchase services to companies in the United States.

11.     At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Cal. Civ. Code § 1788.2(b), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) and Cal. Civ. Code § 1788.2(d).

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     At all times material hereto, Defendant contacted Plaintiff in an attempt to collect two consumer debts alleged to be owed to Citibank (South Dakota), N.A. and Bank of America.

14.     Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

15.     Upon information provided and belief, Defendant attempted to collect debts from Plaintiff, which he has never incurred and was not obligated to pay.

16.     Defendant sent Plaintiff a collection letter dated April 1, 2014 in which it alleged that Plaintiff owed a debt of $3,167.96 to Citibank (South Dakota) N.A.  See Exhibit "A," April Collection Letter.

17.     In its April Collection Letter, Defendant offered to settle the alleged debt at a "75% discount" for $791.99 if payment was made by 04/30/2014.  See id.

18.     Upon receiving Defendant's April Collection Letter and being concerned, Plaintiff sent Defendant written correspondence, dated April 7, 2014, disputing that he ever owed an alleged debt to Citibank (South Dakota) N.A.  See Exhibit "B," April Cease & Desist Letter.

19.     Moreover, Plaintiff demanded that Defendant cease and desist from contacting him and advised that Defendant's actions had "caused [him] to suffer severe humiliation and embarrassment, emotional distress, and physical discomfort." Id.

20.     Plaintiff also requested validation of the alleged debt.   See id. Defendant has failed to provide Plaintiff with the requested information.

21.     Despite Plaintiff's written cease and desist request, Defendant sent Plaintiff another collection letter dated May 1, 2014 in which it alleged that Plaintiff owed a debt of $17,666.39 to Bank of America.  See Exhibit "C," May Collection Letter.

22.     In its May Collection Letter, Defendant offered to settle the alleged debt at a "85% discount" for $2,649.96 if payment was made by 05/31/2014.  See id.

23.     Upon receiving Defendant's May Collection Letter, Plaintiff sent Defendant yet another written correspondence, dated May 5, 2014, disputing that he ever owed an alleged debt to Bank of America.  See Exhibit "D," May Cease & Desist Letter.

24.     In the May Cease & Desist Letter, Plaintiff advised Defendant that he had received a number of other collection letters from Defendant, which each

contained different debt amounts attempting be collected regarding a mortgage held with Bank of America and a credit card with Citibank (South Dakota) N.A.:

> This is not the first letter I received from you with different alleged debts, be it from mortgages and credit cards.
>
> By Decemb. 2012        $  15629.25  (alleged mortgage)
> By April 12th 2013     $  16,078.58  (alleged mortgage)
> By May 21st 2013       $  22,498.70  (alleged mortgage)
> By April 1st  2014      $ 3167.96  down with discount  $ 791.99
> By May 1st. 2014          $ 17666.39 down with discount $ 2649.96

See id.

     25.     Once again, Plaintiff requested validation of the alleged debts.  See id.  Defendant again failed to provide Plaintiff with the requested information.

     26.     Further, despite receiving multiple written cease and desist requests, Defendant sent Plaintiff another collection letter dated July 1, 2014 in which it alleged that Plaintiff owed a debt of $17,923.17 to Bank of America.  See Exhibit "E," July Collection Letter.

     27.     In its July Collection Letter, Defendant again offers to settle the alleged at a "85% discount" for $2,688.48 if payment was made by 07/31/2014.  See id.

     28.     Plaintiff has never had a mortgage with any lender.

     29.     Plaintiff has never incurred an outstanding credit card debt with Citibank (South Dakota) N.A.

30.    Defendant's actions in attempting to collect a alleged debts that Plaintiff does not owe were harassing, deceptive, and abusive.

## COUNT I
## DEFENDANTS VIOLATED § 1692c(c) OF THE FDCPA

31.    A debt collector violates § 1692c(c)  by communicating further with a consumer with respect to a debt after being notified in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

32.    Defendants violated § 1692c(c) when it continued to contact Plaintiff in its attempts to collect debts despite being served with written cease and desist notices.

## COUNT II
## DEFENDANTS VIOLATED § 1692d OF THE FDCPA

33.    A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34.    Defendants violated § 1692d when it attempted to collect multiple debts from Plaintiff that he did not owe; when it sent multiple collection letters to Plaintiff attempting to collect debt that he did not incur; when it sent multiple

collection letters to Plaintiff that contained false and misleading information; when it continued to contact Plaintiff in its attempts to collect debts despite being served with written cease and desist notices; when it failed to validate the debts after receiving written requests for validation from Plaintiff; and, when it engaged in other actions the natural consequence of which was to harass, oppress, and abuse Plaintiff.

## COUNT III
## DEFENDANTS VIOLATED § 1692f OF THE FDCPA

35.    A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

36.    Defendants violated § 1692f when it sent Plaintiff harassing and deceptive letters; when it failed to update its records to stop contacting Plaintiff after being served with a written cease and desist letter; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## DEFENDANTS VIOLATED § 1788.17 OF THE ROSENTHAL ACT

37.    A debt collector violates § 1788.17 of the California Civil Code by failing to comply with § 1692b through § 1692j of the FDCPA.

38.     Defendants violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.


WHEREFORE, Plaintiff, ROBERT BOYADJIAN, respectfully prays for judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A); as well as statutory damages of $1,000.00 for the violation of the Rosenthal Act pursuant to Cal. Civ. Code § 1788.30(b);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3) and Cal. Civ. Code § 1788.30(c);

e.   Any other relief deemed fair and proper by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT BOYADJIAN, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

Dated: November 19, 2014     By: /s/ Amy L. Bennecoff
Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT